IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.W. PET COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| GRAMERCY PRODUCTS, INC., | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, J.W. Pet Company, Inc. ("J.W. Pet") files its Complaint for Patent Infringement against Defendant, Gramercy Products, Inc. ("Gramercy") as follows:

**NATURE OF THE ACTION AND SUBJECT MATTER JURISDICTION**

1. This is an action for patent infringement, arising under the Patent Laws of the United States 35 U.S.C. § § 1 *et seq.*, and in particular arising under 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States and an Act of Congress relating to patents.

**PARTIES**

2. J.W. Pet is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 2300 E. Randol Mill Road, Arlington, TX 76011.

3. Gramercy is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 600 Meadowlands Parkway, Secaucus, New Jersey 07094.

## VENUE

4. Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because this Judicial District is a judicial district in which a substantial part of the events giving arise to the claims asserted herein occurred, because Gramercy is subject to personal jurisdiction and therefore resides within this Judicial District and because Gramercy has committed acts of patent infringement within this Judicial District.

## PATENT NO. 6,622,659

5. On September 23, 2003, the United States Patent No. 6,622,659 (the "'659 Patent") was duly and validly issued to Jonathan Willinger for spherical and spherical polyhedral skeletal animal toys. A true and correct copy of the '659 Patent is attached to the Complaint as **Exhibit A** and is incorporated herein by this reference.

6. Through an assignment from Jonathan Willinger to J.W. Pet, J.W. Pet is the owner of the '659 Patent, the '659 Patent is currently subsisting, and J.W. Pet is the real party in interest with the right to seek the relief requested in this Complaint.

## COUNT I
## INFRINGEMENT OF THE '659 PATENT

7. The allegations of Paragraphs 1 through 6 are incorporated herein by this reference.

8. Gramercy, without authorization from J.W. Pet, has been and is engaged in making and/or importing into the United States and offering for sale and selling in this Judicial District and elsewhere, infringing products including "NERF" dog toys which include at least toys called the "crunch-able ball" dog toy, the "crunch-able football" dog toy, and the "retriever ball" dog toy, images of which are set forth in the "NERF Dog" toy brochure attached hereto and incorporated herein as **Exhibit B**.

9. Gramercy, in this Judicial District and elsewhere in the United States as well as, upon information and belief, outside of the United States, is offering for sale and selling products which infringe the inventions set forth in one or more claims of the '659 Patent, and/or is contributing and/or is actively inducing the importation, making, offering for sale, selling or use of products which infringe the inventions of one or more of the claims of the '659 Patent and thus is presently infringing and has in the past been infringing the '659 Patent in violation of 35 U.S.C. §§ 271(a), (b) and/or (c).

10. The infringement of the '659 Patent by Gramercy has been willful and deliberate and in conscious disregard of J.W. Pet's rights.

11. As a consequence of the foregoing, Gramercy has caused and is continuing to cause damage to J.W. Pet and, unless such acts are enjoined by this Court, Gramercy will continue to cause irreparable harm to J.W. Pet for which there is no adequate remedy at law and for which J.W. Pet is entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, J.W. Pet prays for relief as follows:

A. That the Court adjudge that Gramercy has infringed one or more claims of the '659 Patent;

B. That the Court adjudge that the infringement by Gramercy has been willful;

C. That the Court award J.W. Pet its damages in accordance with 35 U.S.C. § 284, and increase those damages up to three (3) times by reason of the willful infringement;

D. That the Court award J.W. Pet its costs in connection with this action;

E. That the Court declare this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and award J.W. Pet its reasonable attorneys' fees, expenses and costs of this action;

F. That the Court preliminary and permanently enjoin Gramercy and its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice hereof by personal service or otherwise, from committing further acts of infringement of the '659 Patent; and

G. That the Court award J.W. Pet such other and further relief as the Court deems just and proper.

## PATENT NO. 6,651,590

12. On November 25, 2003 United States Patent No. 6,651,590 (the "'590 Patent") was duly and validly issued to Jonathan Willinger and Karen O. Winkler for a flexible toy. A true and correct copy of the '590 Patent is attached to this Complaint as **Exhibit C** and is incorporated herein by this reference.

13. Through an assignment from Jonathan Willinger and Karen O. Winkler to J.W. Pet, J.W. Pet is the owner of the '590 Patent, the '590 Patent is currently subsisting and J.W. Pet is the real party in interest with the right to seek the relief requested in this Complaint.

## COUNT II
## INFRINGEMENT OF THE '590 PATENT

14. The allegations of Paragraphs 1 through 13 are incorporated herein by this reference.

15. Gramercy, without authorization from J.W. Pet, has been and is engaged in making and/or importing into the United States and offering for sale and selling in this Judicial District and elsewhere, infringing products including "NERF" dog toys which include at least the

"crunch-able ball" dog toy, the "crunch-able football" dog toy, and the "retriever ball" dog toy, images of which are set forth in the "NERF Dog" toy brochure attached hereto and incorporated herein as **Exhibit B**.

16. Gramercy, in this Judicial District and elsewhere in the United States as well as, upon information and belief, outside of the United States, is offering for sale and selling products which infringe the inventions set forth in one or more claims of the '590 Patent, and/or is contributing and/or is actively inducing the importation, making, offering for sale, selling or use of products which infringe the inventions of one or more of the claims of the '590 Patent and thus is presently infringing and has in the past been infringing the '590 Patent in violation of 35 U.S.C. §§ 271(a), (b) and/or (c).

17. The infringement of the '590 Patent by Gramercy has been willful and deliberate and in conscious disregard of J.W. Pet's rights.

18. As a consequence of the foregoing, Gramercy has caused and is continuing to cause damage to J.W. Pet and, unless such acts are enjoined by this Court, Gramercy will continue to cause irreparable harm to J.W. Pet for which there is no adequate remedy at law and for which J.W. Pet is entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, J.W. Pet prays for relief as follows:

    A.    That the Court adjudge that Gramercy has infringed one or more claims of the '590 Patent;

    B.    That the Court adjudge that the infringement by Gramercy has been willful;

C. That the Court award J.W. Pet its damages in accordance with 35 U.S.C. § 284, and increase those damages up to three (3) times by reason of the willful infringement;

D. That the Court award J.W. Pet its costs in connection with this action;

E. That the Court declare this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and award J.W. Pet its reasonable attorneys' fees, expenses and costs of this action;

F. That the Court preliminary and permanently enjoin Gramercy and its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice hereof by personal service or otherwise, from committing further acts of infringement of the '590 Patent; and

G. That the Court award J.W. Pet such other and further relief as the Court deems just and proper.

## PATENT NO. D 479,897

19. On September 23, 2003, United States Patent No. D 479,897 (the "'897 Patent") was duly and validly issued to Jonathan Willinger for the ornamental design of a pet toy as shown and described in the '897 Patent. A true and correct copy of the '897 Patent is attached to this Complaint as **Exhibit D** and is incorporated herein by this reference.

20. Through an assignment from Jonathan Willinger to J.W. Pet, J.W. Pet is the owner of the '897 Patent, the '897 Patent is currently subsisting and J.W. Pet is the real party in interest with the right to seek the relief requested in this Complaint.

## COUNT III
## INFRINGEMENT OF THE '897 PATENT

21. The allegations of Paragraphs 1 through 20 are incorporated herein by this reference.

22. Gramercy, without authorization from J.W. Pet, has been and is engaged in making and/or importing into the United States, and offering for sale and selling in this Judicial District and elsewhere, infringing products including a pet toy called a "crunch-able football" containing the ornamental design for a pet toy as shown and described in the '897 Patent. An image of the "crunch-able football" is shown in the "NERF Dog" toy brochure attached hereto as **Exhibit B**.

23. Gramercy, in this Judicial District and elsewhere in the United States and, on information and belief, outside of the United States, has been and is offering for sale and selling the "crunch-able football" toy which infringes the claim of the '897 Patent and/or is contributing and/or is actively inducing the importation, making, offering for sale, selling or use of such products which infringe the claim of the '897 Patent, and thus is presently infringing and has in the past been infringing the '897 Patent in violation of 35 U.S.C. §§ 271(a), (b) and/or (c).

24. The infringement of the '897 Patent by Gramercy has been willful and deliberate and in conscious disregard for J.W. Pet's patent rights.

25. As a consequence of the foregoing, Gramercy has caused and is continuing to cause damage to J.W. Pet and, unless such acts are enjoined by the Court, Gramercy will continue to cause irreparable harm to J.W. Pet for which there is no adequate remedy of law, and for which J.W. Pet is entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, J.W. Pet prays for relief as follows:

    A.    That the Court adjudge that Gramercy has infringed the claim of the '897 Patent;

    B.    That the Court adjudge that the infringement by Gramercy has been willful;

    C.    That the Court award J.W. Pet its damages in accordance with 35 U.S.C. § 284, and increase those damages up to three (3) times by reason of the willful infringement;

    D.    That the Court award J.W. Pet its costs in connection with this action;

    E.    That the Court declare this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and award J.W. Pet its reasonable attorneys' fees, expenses and costs of this action;

    F.    That the Court preliminary and permanently enjoin Gramercy and its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice hereof by personal service or otherwise, from committing further acts of infringement of the '897 Patent; and

    G.    That the Court award J.W. Pet such other and further relief as the Court deems just and proper.

Dated:  March 7, 2014  Respectfully submitted,

/s/ Leonard A. Hirsch
Leonard (Ladd) A. Hirsch
Texas Bar No. 09717300
DIAMOND MCCARTHY LLP
1201 Elm Street, 34th Floor
Renaissance Tower
Dallas, TX 75270
Phone: (214) 389-5300
Fax: (214) 389-5399
lhirsch@diamondmccarthy.com

Mark A. Willard, *Pro Hac Vice Application to be filed*
Pa. I.D. No. 18103
David V. Radack, *Pro Hac Vice Application to be filed*
Pa. I.D. No. 39633
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
mwillard@eckertseamans.com
dradack@eckertseamans.com

*Attorneys for Plaintiff, J.W. Pet Company, Inc.*